IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DANIEL GAY, | ) | |
|    Petitioner | ) | Case Nos. 7:19-cv-823 |
| | ) | 7:19-cv-836 |
| v. | ) | 7:19-cv-838 |
| | ) | |
| | ) | |
| SUPERINTENDENT OF SOUTHWEST | ) | |
| VIRGINIA REGIONAL JAIL, | ) | By:  Michael F. Urbanski |
| | ) | Chief United States District |
| | ) | Judge |
|    Respondent | ) | |

**MEMORANDUM OPINION**

On December 9, 2019, Petitioner Christopher Daniel Gay, proceeding pro se, filed three petitions for relief pursuant to 28 U.S.C. § 2241. On February 17, 2020, Respondent, the Superintendent of Southwest Virginia Regional Jail (the Superintendent), filed motions to consolidate the three cases. ECF No. 12 in 7:19-cv-823; ECF No. 10 in 7:19-cv-836; and ECF No. 10 in 7:19-cv-838. Gay responded in all three cases that he was opposed to the consolidation of the cases, making the motions ripe for adjudication. Also pending are motions to dismiss all three cases, ECF No. 14 in 7:19-cv-823; ECF No. 12 in 7:19-cv-836; and ECF No. 12 in 7:19-cv-838. Gay has responded to these motions as well, making them ripe for adjudication. For the reasons stated below, the court **GRANTS** the motions to dismiss, **DENIES** as moot the motions to consolidate, and **DISMISSES without prejudice** Gay's motions for relief under 28 U.S.C. § 2241.

## BACKGROUND

At the time he filed these actions, Gay was incarcerated in the Southwest Virginia Regional Jail in Meadowview, Virginia. He alleged that he was being held on orders from both federal and state authorities. In case number 7:19-cv-823, he challenged a detainer issued by the Wilson County Criminal Court in Lebanon, Tennessee. ECF No. 1 in 7:19-cv-823. He stated that he no longer had charges pending in that court and asked to have the detainer removed, and to have the "N.C.I.C. active warrants cleared from state N.C.I.C. and federal N.C.I.C."

In case number 7:19-cv-836, Gay alleged that the Sumner County Court in Gallatin, Tennessee had an active warrant pending against him, but was refusing to serve it, and was refusing to send it "here" to be served by the state of Virginia. For relief, he sought to have the warrant served, and also sought pre-trial jail credits toward the Sumner County case. ECF No. 1 in 7:19-cv-836.

In case number 7:19-cv-838, he challenged a detainer out of the Rutherford County Criminal Court in Murfreesboro, Tennessee. He stated that he had filed a motion to dismiss the charges pending in that court based on an "agreement with the feds to pick up all state charges . . . ." ECF No. 1 in 7:19-cv-838. For relief, Gay sought an order directed to the Rutherford County Court to lift the detainer and clear "federal and state N.C.I.C." Id.

The court notes that after filing these three lawsuits, Gay was transferred to the United States District Court for the Eastern District of Tennessee pursuant to a writ of habeas corpus ad prosequendum in United States v. Gay, No. 4:20-cr-005-TRM-CHS-1 (E.D. Tenn. filed Mar. 9, 2020). According to the information filed in that case, Gay is charged with one count

of conspiracy to commit wire fraud and one count of interstate transport of stolen property. ECF No. 1 in that case.

## DISCUSSION

**I. Motions to Dismiss**

Gay was confined in a Virginia state jail at the time he sought relief under § 2241. He seeks orders from this court directing two Tennessee state courts to dismiss detainers against him and an order directing another Tennessee state court to serve an outstanding warrant on him. Gay does not have federal charges pending in the Western District of Virginia.

Federal district courts are granted broad authority to hear applications for writs of habeas corpus within their respective jurisdictions from persons claiming to be held in violation of the laws or treaties of the United States. Timms v. Johns, 627 F.3d 525, 530 (4th Cir. 2010) (citing 28 U.S.C. § 2241(a)). Nevertheless, the court's discretion to entertain habeas petitions and exercise the power of the writ is not boundless. Id. "'[P]rudential concerns, such as comity and the orderly administration of criminal justice, may require a federal court to forgo the exercise of its habeas corpus power." Id. (quoting Munaf v. Geren, 553 U.S. 674, 693 (2008)). "In the case of petitioners detained by states, principles of federalism and comity generally require the exhaustion of available state court remedies before [courts] conduct habeas review of the detention." Id. at 531, n. 5. See also Brazell v. Boyd, 991 F.2d 787 (4th Cir. 1993) (unpublished) (citing Dickerson v. Louisiana, 816 F.2d 220, 224-26 (5th Cir. 1987) and Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489-90 (1973)) (noting that habeas corpus relief is available to a pretrial detainee in state court only when he is in custody, has exhausted his state court remedies, and shows "special circumstances" that justify the

3

provision of federal review). "A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing] his claim in each appropriate state court … thereby alerting that court to the federal nature of the claim.'" Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004) and Duncan v. Henry, 513 U.S. 364, 365-66 (1995)). Petitioners must show that "'both the operative facts and the controlling legal principles [were] presented to the state court.'" Id. (quoting Jones v. Sussex I State Prison, 591 F.3d 707, 713 and Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)).

Gay asserts that he has exhausted his state court remedies. He claims that he filed motions in all three Tennessee courts but that the courts refused to either rule on the motions or respond. He also claims that he appealed all three cases. Although it is unclear whether his assertion is accurate, it will be assumed for purposes of the motions to dismiss that he has exhausted his state court remedies.

Gay next must overcome the "national policy forbidding federal courts to stay or enjoin state court proceedings except under special circumstances," as described in Younger v. Harris, 401 U.S. 37 (1971). Younger applies to "three exceptional categories" of proceedings: (1) ongoing state criminal proceedings; (2) certain civil enforcement proceedings; and (3) pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions. Sprint Communications, Inc., v. Jacobs, 571 U.S. 69, 72-73 (2013) (citing New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350, 373 (1989)). "The Younger doctrine rests on the fundamental precepts of equity and comity. '[C]ourts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer

4

irreparable injury if denied equitable relief.'" Robinson, 855 F.3d at 285 (quoting Younger, 401 U.S. at 43-44). The notion of comity relates to a proper respect for state functions. Id. (citing Younger, 401 U.S at 44).

Gay has asked this court to intervene in three ongoing state criminal proceedings. A federal court may disregard Younger's mandate to abstain from interfering with ongoing state proceedings only where 'extraordinary circumstances' exist that present the possibility of irreparable harm." Robinson, 855 F.3d at 286 (citing Kugler v. Helfant, 421 U.S. 117, 124 (1975) and Nivens v. Gilchrist (Nivens II), 444 F.3d 237, 241 (4th Cir. 2006)). "Federal intervention may be proper where there is a showing of 'bad faith or harassment by state officials,' or where the state law to be applied in the criminal proceedings is 'flagrantly and patently violative of express constitutional prohibitions.'" Id. (citing Nivens II, 444 F.3d at 241 and Kugler, 421 U.S. at 124).

Gay claims that the fact that the Tennessee courts failed to rule or respond shows bad faith. However, Gay has not stated when he filed the motions to dismiss the underlying state court cases or how long the motions have been pending. Moreover, the fact that a motion is pending, without more, does not indicate bad faith on the part of a court.

Nor has Gay alleged any harm, much less irreparable harm, that has come to him from having the detainers filed or having the warrant unserved. Gay asserts that he entered into a binding agreement with the Assistant United States District Attorney in the Chattanooga Division of the United States District Court for the Eastern District of Tennessee that he would be exonerated from all state charges. As it appears that Gay's case in the Eastern District of Tennessee is ongoing, those negotiations are best left to the prosecutor in the Eastern

5

District of Tennessee to work out with the Tennessee state courts. If the state charges are dismissed but the state detainers and warrant remain in effect, Gay will have an opportunity to challenge them at that time.

The court finds that Gay cannot escape the restraints on the exercise of federal jurisdiction under the abstention doctrine as set forth in Younger. Accordingly, the court declines to order the Tennessee state courts to take any actions in his cases and **DISMISSES without prejudice** the three lawsuits he has filed asking this court to do so.

## II. Motions to Consolidate

Pursuant to Rule 42 of the Federal Rules of Civil Procedure, if actions before the court involve a common question of law or fact, the court may (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. Respondent argues that consolidation is appropriate in these cases because the cases involve the same parties, the same theory, and the same relief sought and that the only distinction is which of the three Tennessee state courts would be implicated. He further contends that Gay will not suffer prejudice and that consolidation will conserve judicial resources.

Gay responds that the cases should not be consolidated because they were filed separately and he paid separate filing fees for each, and because he is challenging orders out of three different state courts in Tennessee. Because the court finds it appropriate to dismiss the three lawsuits Gay has filed, it further finds that the motions to consolidate should be **DENIED as moot**.

## CONCLUSION

For the foregoing reasons, the court **GRANTS** the Superintendent's motions to dismiss, ECF No. 14 in 7:19-cv-823; ECF No. 12 in 7:19-cv-836; and ECF No. 12 in 7:19-cv-838 and **DISMISSES without prejudice** Gay's lawsuits based on the doctrine of abstention. The court **DENIES as moot** the Superintendent's motions to consolidate, ECF No. 12 in 7:19-cv-823; ECF No. 10 in 7:19-cv-836; and ECF No. 10 in 7:19-cv-838. All other pending motions are **DENIED as moot**.

An appropriate Order will be entered.

Entered: May 26, 2020

Michael F. Urbanski
Chief United States District Judge